# ShemanoLaw

David B. Shemano, Esq.
1801 Century Park East, Suite 2500
Los Angeles, CA 90067
Telephone: (310) 492-5033
Email: dshemano@shemanolaw.com

April 16, 2025

Molly C. Dwyer
Clerk of Court
Ninth Circuit Court of Appeals

    Re:   *Satellite Capital, LLC v. Emaciation Capital, LLC*
           Ninth Circuit Case No. 24-3480
           <u>Oral Argument Date: April 9, 2025</u>

Dear Ms. Dwyer:

    Satellite Capital, LLC submits this response to the post-oral argument submission of Emaciation Capital, LLC on April 15, 2025 [Docket No. 35].

    After inexplicably misrepresenting the record below at oral argument,[1] Emaciation now incorrectly represents that a Fifth Circuit case "rebuffed" Satellite's jurisdictional arguments, and an unpublished BAP opinion establishes that the Bankruptcy Court had "related to" jurisdiction.

    The Fifth Circuit case, *In re Elebute,* 127 F.4th 958 (5th Cir. 2025), did hold that a bankruptcy court had jurisdiction over a removed action challenging a foreclosure sale, but that was because the

---

[1] In response to questions from the Panel, Emaciation misrepresented that (1) the Sawtelle Property had not been transferred out of the estate in connection with the 2017 Settlement, and (2) if judgment is entered in favor of Satellite, the bankruptcy trustee will be required to return $108,000 to Emaciation. 1-ER-32 ¶ 36; 11-AER-2573 ¶ 5; 12-AER-2758-62; 10-ER-2295 ¶ 3.1.

April 16, 2025
Page 2

bankruptcy court had previously entered an order adjudicating the propriety of the foreclosure sale. While the Court's analysis was cursory, the bankruptcy court had jurisdiction consistent with the "relitigation exception" to the All Writs Act. *Sandpiper Vill. Condo. Ass'n v. La.-Pacific Corp.*, 428 F.3d 831 (9th Cir. 2005). Comparatively, the Bankruptcy Court here never adjudicated any of the disputes at issue, so the "relitigation exception" has no applicability.

Emaciation cites *In re JS Kalama, LLC*, 2025 WL 1078841 (B.A.P. 9th Cir. April 9, 2025), but the dispute in *Kalama* centered on competing claimants to estate funds, which the BAP correctly found to be the exemplar of a matter "arising in" the bankruptcy case. Comparatively, this litigation has nothing to do with competing claims to estate funds, only competing claims and interests related to a property in which the trustee disclaimed any interest and transferred by quitclaim out of the estate. Because the bankruptcy estate was insulated from any consequence of the litigation by the terms of the 2017 Settlement, there is no related to jurisdiction.

Sincerely,

/s/ David B. Shemano

cc: Counsel of record by the Court's electronic filing system